**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| KATHLEEN CUMMINS, | : UNITED STATES DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff, | : |
| | : CIVIL ACTION |
| vs. | : |
| | : **Electronically filed** |
| GMRI, INC. D/B/A OLIVE GARDEN, and | : |
| JOHN DOES 1-5 AND 6-10, | : DOCKET NO: |
| | : |
| Defendants. | : |
| | : **COMPLAINT AND JURY DEMAND** |

Plaintiff, Kathleen Cummins, by way of Complaint against the defendants, says:

**Preliminary Statement**

1. This action arises under the New Jersey Law Against Discrimination ("LAD") alleging pregnancy discrimination. This action is also brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. sec. 201, et seq. ("FLSA") and retaliation.

**Jurisdiction and Venue**

2. Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

3. Because plaintiff and defendants are residents of the district of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

1

## Identification of Parties

4. Plaintiff Kathleen Cummins is, at all relevant times herein, a resident of the State of New Jersey and was employed by the defendant.

5. Defendant GMRI, Inc. d/b/a Olive Garden is a business entity located at 234 Stafford Park Boulevard, Manahawkin, New Jersey 08050 and was the employer of the plaintiff.

6. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

7. Plaintiff began working for GMRI, Inc. d/b/a Olive Garden in or around May 2011.

8. At all times, plaintiff performed up to and beyond the reasonable expectations of her employer.

9. Plaintiff worked as a hostess and server in for "to-go" (takeout) and delivery.

10. Plaintiff gave birth to her first child in or around February 2017.

11. Plaintiff breast fed her child and, therefore, needed to pump to express breast milk while at work.

12. For the first nine months, plaintiff was permitted to pump in a manager's office.

13. In or around November 2017, Michelle Lutter, the manager, walked into the office while plaintiff was pumping breast milk.

14. Plaintiff was properly covered and not exposed in any way.

15. Shortly thereafter, plaintiff was told by Ms. Lutter and Pierre (last name presently unknown), the general manager, that she was no longer allowed to pump in the manager's office.

16. Furthermore, Ms. Lutter and Pierre advised plaintiff that she could no longer pump while at work.

17. Instead, Ms. Lutter and Pierre told plaintiff that she must go home and pump while on her break.

18. Shortly thereafter, in or around November 11, 2017, plaintiff offered to cover a to-go shift for a co-worker who could not come into work that day.

19. In response, Pierre told plaintiff that she could not work any to-go shifts until he could find a location for her to pump.

20. Pierre further advised plaintiff that if she was scheduled to work a double shift that she would have to go home to pump.

21. Defendant's refusal to allow plaintiff to work to-go shifts and double shifts resulted in plaintiff working fewer hours, causing economic harm.

22. A determinative and/or a motivating factor in plaintiff's loss of shifts was her status as a breast-feeding mother.

23. In addition and/or in the alternative, a determinative and/or a motivating factor in plaintiff's loss of shifts was in retaliation for plaintiff's request to pump breast milk on the premises.

24. By requesting permission to pump breast milk at work, plaintiff engaged in LAD protected conduct.

25. In addition and/or in the further alternative, a determinative and/or motivating factor in plaintiff's loss of shifts was plaintiff's LAD protected conduct.

26. As a result of the actions of defendants, plaintiff has been forced to suffer economic and emotional harm.

27. Plaintiff's job duties did not fall within any exception to the requirements of the FLSA.

28. The FLSA requires employers to provide unpaid breaks, on the premises, in an acceptable location, to express breast milk for one year from birth.

29. Here, defendants failed to do so.

## COUNT I

### FLSA Violation

30. Plaintiff hereby repeats and realleges paragraphs 1 through 29, as though fully set forth herein.

31. Defendant failed to provide plaintiff unpaid breaks, on the premises, to express breast milk during the first year from birth.

32. Defendant, by the above acts, has violated 29 U.S.C. sec. 207.

33. Plaintiff has suffered monetary damages as a result of defendant's acts.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that the acts and practices complained of herein are in violation of the FLSA;

b. Declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. sec. 255(a);

c. In joining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. sec. 217;

d. Directing defendant to make plaintiff whole for all lost wages due as a consequence of defendant's violation of the FLSA, together with interest thereon from the date(s) such wages were due from the date of plaintiff's lost shifts;

e. Directing defendant to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. sec. 216(b);

f. Awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. sec. 216(b); and

g. Granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### FLSA Retaliation

34. Plaintiff hereby repeats and realleges paragraphs 1 through 33, as though fully set forth herein.

35. For the reasons set forth above, defendants retaliated against plaintiff for making requests protected under the FLSA.

36. Defendant, by the above acts, has violated 29 U.S.C. sec. 207.

37. Plaintiff has suffered monetary damages as a result of defendants act.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that the acts and practices complained of herein are in violation of the FLSA;

b. Declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. sec. 255(a);

c. In joining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. sec. 217;

    d. Directing defendant to make plaintiff whole for all lost wages due as a consequence of defendant's violation of the FLSA, together with interest thereon from the date(s) such wages were due from the date of plaintiff's lost shifts;

    e. Directing defendant to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. sec. 216(b);

    f. Awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. sec. 216(b); and

    g. Granting such other and further relief as this Court deems necessary and proper.

## COUNT III

### Pregnancy Discrimination Under the LAD

38. Plaintiff hereby repeats and realleges paragraphs 1 through 37, as though fully set forth herein.

39. For the reasons set forth above, defendants are liable to plaintiff for pregnancy discrimination.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT IV

### Request for Equitable Relief

40. Plaintiff hereby repeats and realleges paragraphs 1 through 36, as though fully set forth herein.

41. Plaintiff requests the following equitable remedies and relief in this matter.

6

42. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

43. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

44. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

45. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

46. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

47. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

48. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

Respectfully submitted,

**COSTELLO & MAINS, LLC**


By: /s/ Kevin M. Costello_____
    Kevin M. Costello
18000 Horizon Way, Suite 800
Mt. Laurel, NJ 08054
856-727-9700
kcostello@costellomains.com

Attorneys for Plaintiff

Dated:   December 19, 2018

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through their below-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, LLC**

By: /s/ Kevin M. Costello
Kevin M. Costello

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: /s/ Kevin M. Costello
Kevin M. Costello

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC

By: /s/ Kevin M. Costello

Kevin M. Costello

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kathleen Cummins

### DEFENDANTS
GMRI, Inc. D/B/A Olive Garden

**(b)** County of Residence of First Listed Plaintiff: Ocean County NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Costello & Mains, LLC. 18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054
856-727-9700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
New Jersey Law Against Discrimination and Fair Labor Standards Act: pregnancy discrimination

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/15/19

SIGNATURE OF ATTORNEY OF RECORD: /s/Michael J. Reilly

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 08/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.